## FINDLAY & BUCHANNON v. STEVENSON.

1. In assumpsit against partners, under the common counts, proof of a promise by one in the firm name, is not sufficient; there must be a joint promise proved, or proof of the existence of the copartnership.
2. It is not necessary for a defendant in such case to deny the partnership by plea in abatement.

In Lauderdale Circuit Court, Stevenson declared in assumpsit against Findlay & Buchannon, for goods sold, work and labor, money advanced, and an account stated, charging them as copartners under their firm name. At the trial, at the fall term, 1828, under the general issue, a verdict was found for the plaintiff. The defendants sued their writ of error to this Court, to review the correctness of the instructions given by the presiding Judge to the jury, which were as follow: The defendants counsel, after the evidence was closed, requested the Court to instruct the jury, that before the plaintiff could recover, he should prove that the defendants did jointly assume, or that they were partners. But the Court charged that under the general issue, proof of the partnership was unne-

cessary; and that evidence, that one of the defendants as a partner, contracted the debt or admitted its existence against the firm, was sufficient; that if the defendants wished to contest the fact of partnership, they should have pleaded that matter in abatement.

HOPKINS, for the plaintiffs in error, insisted that the proof should support the declaration, and that as a joint promise was laid, such a one must be proved, or if the promise of one only in the name of both was relied on, his authority to bind his copartner must be proved by shewing that they were in fact copartners.

W. B. MARTIN, for the appellee. The rule in pleading is that where facts are more properly within the knowledge of the defendant, he must plead them; therefore, if they were not partners, they should have pleaded it in abatement. But independently of the rules of the common law, our statute makes a material alteration in the law as respects them. Here they are considered in fact as only one person; process served on one is considered as served on both; this is going much farther than to charge both on the promise of one. Unless our construction be correct, how can the statute of 1818 be carried into effect, which provides that where one is found not to be a partner, the action may be discontinued as to him. This provision enables him to plead that he is not a partner, and if found true, the action may be discontinued as to him; but how can it be discontinued after the two defendants have both appeared and pleaded a joint plea. The jury must try it as one issue, and can find only one joint verdict on it; there can be no discontinuance here. The objection comes too late, and takes the plaintiff by surprise. The statute cannot introduce a new practice, a proper construction must be given to it; therefore, as no discontinuance can be allowed on the trial on a joint plea, the conclusion is, to give effect to the statute, the defendant who is charged as a partner, and who, for his defence, relies on not being one, should plead that fact by a seperate plea; then the plaintiff may discontinue as to him, and proceed against the other defendant, and get the benefit of the statutory provision.

By JUDGE WHITE. It is well settled, that in this form of action, the misjoinder of plaintiffs, as also that of

defendants, is a ground of non-suit; and where the action is brought against several, the plaintiff being charged with the proof of the contract as laid, must either shew that the defendants were partners, or that the contract was made in behalf of all the defendants.    Then in the present case, though Findlay might have assumed as a partner of the other defendant, yet that not proving the fact, the partnership should have been established by evidence.    It was not necessary, as charged, to have pleaded in abatement, in order to contest the partnership.    There was then error, for which the judgment must be reversed and the case remanded.

Reversed and remanded.

JUDGES SAFFOLD and CRENSHAW not sitting.