FOWLKES & CO. v. BALDWIN, KENT & CO.

1. Where the writ describes the defendants as partners, and is returned executed *generally*, or on either of them, the *prima facie* intendment, according to the practice under the statute of 1818 is, that the defendants are partners, and the service of process is sufficient to bring them all before the Court.

2. *Semble*. If a judgment is rendered against a party who is not a partner, and who was not served with process, it will be competent for a Court of equity to perpetually injoin its recovery.

3. Where one of several defendants sued on a promissory note as partners, proposes to show, that he was not a partner, he must interpose a plea supported by affidavit, which puts in issue the making or adoption of the note by him.

THE defendant in error brought an action of assumpsit against the plaintiffs in the County Court of Sumter, founded on a promissory note for eleven hundred and twenty-four and five one-hundredths dollars. The defendants in the writ are described as " Henry A. Fowlkes and Phineas Fowlkes, partners under the name, firm and style of H. A. Fowlkes & Co."

Henry A. Fowlkes, one of the defendants, pleaded 1. *Non assumpsit*. 2. That he never made and delivered with Phineas Fowlkes the promissory note declared on, to the plaintiffs. Issue was joined on the first plea, and to the second there was a demurrer.

In the record it appears, that the counsel for the plaintiffs in error at the July term, 1840, of the County Court, entered an appearance in this case as follows : " we appear for all upon whom process has been legally executed." It is further shown that, at the same term, the sheriff returned the writ executed generally, and that at the succeeding term of that Court, the Sheriff upon leave given, amended his return so as to make it read thus " executed on Henry A. Fowlkes, 2d day of July, 1840. Phineas Fowlkes not found."

A judgment by default was rendered against Phineas Fowlkes, and the demurrer to the second plea of the other defendant was sustained; thereupon the cause was submitted to the jury on his first plea. On the trial, the presiding Judge sealed a bill of exceptions at the instance of Henry A. Fowlkes, by which it is shewn, that the only evidence introduced, was

the note described in the declaration; whereupon, the defen-
dant moved the Court to instruct the jury, that if the partner-
ship of H. A. Fowlkes & Co. had not been proved otherwise
than by the production of the note, they must find for the de-
fendant, which instruction the Court refused, and the defen-
dant excepted.

And a verdict and judgment being rendered in favor of the
plaintiffs, the defendants have sued a writ of error to this
Court.

SMITH, for the plaintiffs in error.
REAVIS, contra.

COLLIER, C. J.—By the eighth section of the act of 1818,
"for the better regulation of judicial proceedings" it is enacted,
that "when a writ shall be issued against all the partners of
any firm, service of the same on any one of them shall be
deemed equivalent to a service on all; and the plaintiff may
file his declaration, and proceed to judgment, as if the said
writ had been served on each defendant; and the judgment
shall be equally valid and effectual against all the defendants."
In the present case, the writ describes the plaintiffs in error as
partners, and this in practice has been heretofore considered as
sufficient *prima facie* evidence, that such is the relation of the
defendants to each other. And a return by the sheriff that the
writ in such case has been executed generally, or on either of
the defendants, must consequently bring them into Court, so
as to authorize a judgment by default against all. Whether
the rights of the defendants not personally served, would not
have been better protected by requiring (even in the absence
of a negative plea) proof to be made that the defendants were
partners, we need not inquire, as the construction of the stat-
ute has always been otherwise. If a judgment has been ren-
dered against a party who is not a partner, and who was not
served with process, it will be competent for a Court of equity
to afford him relief by perpetually injoining its recovery.

It is enacted by a statute of this State, that it shall not be
lawful for the defendant in any suit to deny the execution of
any writing, the foundation of an action, unless it be by plea,
supported by affidavit. [Aik. Dig. 283.]

In the case at bar it is alledged in the declaration, that the defendants are partners, and that in that character they made the note declared on. Will not a plea, denying the existence of the partnership, put in issue the execution of the note, as much as if the latter fact was negatived by a direct and positive allegation? It most certainly will. And if a different conclusion was attained, it would be very easy for defendants, when sued as partners, by a mere change of phraseology in their plea to evade to a great extent the act last cited.

Again: the denial of the existence of a partnership does not respond to the entire declaration. By such a plea, the defendant does not in express terms deny the execution of the note, yet such an inference necessarily follows; for if the note was executed by the assent of both the defendants, with the understanding that it was to bind them, it would be quite as obligatory, as if it had been subscribed by them severally. The demurrer then, to the plea of Henry A. Fowlkes was rightfully sustained.

Where persons are sued as partners for the recovery of a demand, not evidenced by writing, they will be allowed to throw upon the plaintiff the proof of their joint liability, without filing a plea verified by affidavit. Thus, in an action of assumpsit, where the declaration merely contains the common counts, the plea of *non assumpsit* will be sufficient for that purpose. [Findley & Buchanan v. Stevenson, 3 Stew. Rep. 48.]

This view may suffice to show, that both the defendants below were in contemplation of law served with process, and that the second plea interposed by the defendant who appeared, was bad, and the instructions to the jury properly refused.

It remains but to add that the judgment of the County Court is affirmed.