## THE MAYOR, &c. OF MOBILE v. ROUSE.

1. The corporate authorities of Mobile are invested with power to enact an ordinance to require the keepers of coffee-houses, taverns, &c. within the city, where wine, &c., are sold by the retail, to obtain a licence from the mayor for that purpose ; and to impose a fine of fifty dollars for retailing, without first obtaining such license. It is no defence to a proceeding instituted for the recovery of the fine imposed by the ordinance, that the offender is liable to an indictment at the instance of the State.

Appeal from the County Court of Mobile.

This was a proceeding instituted before the Mayor of the city, at the suit of the plaintiff in error against the defendant, for the recovery of the sum of $59, the amount prescribed by an ordinance of the corporation for selling " drink, wine and spirituous liquors," within the limits of the same, without license. Judgment being rendered in favor of the plaintiff, the defendant appealed to the County Court, where, upon a demurrer to the statement of the complaint, it was adjudged that as the retailing of spirituous liquors, &c., was an offence against the State, it was not competent for the corporation to punish it by imposing a penalty therefor.

DARGAN, for the appellant.—No objection was, or could be taken to the form of the proceeding ; and it had been fully settled by previous decisions of this Court, that the Legislature might confer upon an incorporated town the power to regulate retailers within their limits ; and even prohibit it, if judged expedient. [6 Ala. Rep. 653 ; Id. 899.]

J. A. CAMPBELL, for the defendant.

COLLIER, C. J.—The Mayor and Aldermen, &c. of the city of Mobile are invested with authority by its act of incorporation, to provide for licensing and regulating retailers of liquors within the limits of the city, and annulling the license, on good and sufficient complaint being made against any person holding the same. In the statement made by the plaintiff, so much of the ordinance as is supposed to be material, is set out. From this it appears, that a fine of fifty dollars is imposed on every person who shall retail spirituous liquors, &c. in less quantities than a quart, within the corporation. *Further*, that every person intending to keep a coffee-house, tavern, &c. where drink, wine or spirituous liquors are to be sold by the retail, shall obtain a license from the mayor for that purpose. The charge is, that the defendant did violate the ordinance in selling drink, wine and spirituous liquors, &c., without having applied for and obtained a license, &c.

The power conferred by the charter is very broad, and fully authorised the enactment of the ordinance. This is shown by

the case of the Intendant, &c. of Marion v. Chandler, [6 Ala. R. 899;] and both that case, and The State v. Estabrook, [6 Ala. R. 653,] affirm that the grant of such a power is within the competency of the Legislature. It cannot be admitted, that because the existence of a certain state of facts is made an offence against the State, therefore the corporate authorities of a town can adopt no punitive regulations in respect to the same, where they occur within its limits. Such a restriction would inhibit the punishment of affrays and other breaches of the peace, keeping disorderly houses, public gaming, &c. True, the powers of such a corporation, like all others, must be limited by the expressed will of the Legislature.

The punishment (if it may with propriety be so called,) which is denounced by a municipal corporation, is not intended to vindicate the dignity of the State, but it is a mere police regulation, intended to secure quiet and order within its own borders. There is no constitutional provision, even when most liberally interpreted, which prohibits the exercise of such a power, if conferred by the Legislature, and exercised according to law.

The cases cited, are conclusive to show, that it was competent for the Legislature to grant the power in question; from the case as presented, it seems to have been properly exercised. The judgment is consequently reversed, and the cause remanded.