# New York and Alabama Contracting Co. *v.* Meyer & Co.

### *Action on Account, Bank Check, and Bill of Exchange.*

1. *Notice of dishonor of bill or check to partner.* — When a bank check is drawn by a partnership on one of its members individually, the partnership is not entitled to notice of its dishonor.

2. *When sworn plea is necessary, denying execution of written instrument sued on.* — In an action against a partnership, founded on a written instrument, one of the defendants cannot, without a sworn plea (Rev. Code, § 2682), adduce evidence showing that he was not a member of the firm when the writing was executed; and if evidence of that fact is adduced by the plaintiffs, he cannot claim any advantage from it in instructions to the jury. Without a sworn plea, denying the execution of the instrument, the partnership is conclusively admitted, and evidence to the contrary is outside of the issues.

3. *Construction of bill of exceptions.* — A recital in the bill of exceptions, after the charges to the jury given and refused, in these words: " The court, against the objection of the defendants, allowed the account for the goods mentioned in the third count in the complaint, as made out by the plaintiffs, *to go to the jury*, and the defendants excepted," — will not be construed to mean that the account was permitted to go to the jury as evidence, when that would have been erroneous;

but that they were permitted to take it with them, on their retirement, as one of the papers used on the trial.

4. *Amendment of complaint.* — In an action against several defendants, the complaint may be amended (Rev. Code, § 2808) by striking out a wrong, and inserting the true christian name of one of them.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. M. J. SAFFOLD.

This action was brought by M. Meyer & Co. against the appellant, a partnership alleged to be composed of J. W. Lapsley, D. C. Smiley, H. S. Poor, John Everett, P. D. Roddy, W. R. Bills, Thos. K. Ferguson, and *Edward* G. Barney; but the complaint was amended during the trial, by leave of the court, by striking out *Edward*, and inserting *Elijah*, as the christian name of said Barney. The complaint contained five counts. The first was on an account for goods sold and delivered by plaintiffs to defendants on the 1st January, 1871, amounting to $1,761.78; the second, on an account for $838.78, for goods sold and delivered by plaintiffs to defendants on the 25th June, 1870; the third, on a check for $1,500, drawn by the defendants, by the name "For N. Y. & Ala. Contr. Co., by E. G. Barney, sup.," on the 9th July, 1870, on Thos. K. Ferguson, in favor of Rozell & Nagle, or order, and indorsed by them to the plaintiffs; the fourth, on a bill of exchange for $438.83, drawn and indorsed by plaintiffs on the 9th July, 1870, and accepted by the defendants; and the fifth, on an account stated between plaintiffs and defendants on the 1st January, 1871, for $5,000. The third count alleged, that the check, not being paid when presented, was protested for non-payment, of which defendants had due notice. The summons and complaint were executed on Lapsley, Smiley, Ferguson, and Bills. Ferguson and Bills only appeared, and pleaded the general issue; and the bankruptcy of said Ferguson was afterwards suggested, and admitted.

On the trial, as the bill of exceptions states, the plaintiffs offered in evidence the bank check and bill of exchange decribed in the third and fourth counts of the complaint, "and proved that the goods mentioned in the complaint were sold and delivered by plaintiffs, on or before the dates mentioned in each count of the complaint, to the duly authorized agents of said New York and Alabama Contracting Company, and were worth the prices therein claimed; also, that at the time said check was drawn, and said debt contracted, said Thos. K. Ferguson was a banker in the city of Selma, and was a member of said contracting company; that said Lapsley, Smiley, Poor, Everett, Roddy, Ferguson, and Barney were members of said company from its original foundation in 1869, and said W. R. Bills became a member about July, or August, 1870; that

said company was engaged in building and operating the Selma and Gulf Railroad, and bought these supplies for that purpose; that after said check was indorsed to plaintiffs, they two or three times requested said Ferguson to pay it, and he promised to do so, but did not pay it. It was in evidence, also, that said E. G. Barney came into plaintiffs' store, and inquired the amount due to them from the said company, and promised to pay the same."

"This being all the evidence," the court charged the jury as follows: "If the evidence shows that any portion of the plaintiffs' demand was an account contracted with said defendant company at a time when said W. R. Bills was not a member of the partnership, there can be no recovery in this case, against any of the defendants, as to such account. But this does not apply to any written instrument which is the foundation of the suit. Such instrument must be taken to have been executed by the company as described in the pleadings, until the same is denied by a plea verified by affidavit; and until this is done, the instrument must be taken as having been executed by all the defendants, and as evidence of the existence of the debt, and that it was made for a sufficient consideration."

"The plaintiffs then, by leave of the court, withdrew the account contracted prior to the 25th June, 1870, as set out in the first count of the complaint. The defendant excepted to the charge so given by the court, and requested the court to instruct the jury as follows: 1. 'That if they believed, from the evidence, that W. R. Bills was not a member of the partnership sued when the several contracts sued on were made, then they must find for the defendants.' 2. 'That if plaintiffs have sued on contracts made before W. R. Bills became a partner, and on contracts made after he became a partner, then they must find for the defendants; that the admission of a new member into a partnership is a dissolution of the partnership, and the foundation of a new partnership, and such new member is not, without a special undertaking and valuable consideration, liable for the debts made before he became a partner; that such new partner cannot be made liable on written contracts, in an action such as this.' 3. 'That the plaintiffs are not entitled to recover on the bank check offered in evidence, unless the jury believe, from the evidence, that it was presented to said Thos. K. Ferguson in a reasonable time after it came into plaintiffs' hands, and notice of its non-payment was given to the defendants other than said Ferguson.' 4. 'That the plaintiffs are not entitled to recover on the bank check offered in evidence, unless notice of its non-payment was given to the defendants other than said Ferguson.' The court

refused each of these charges, and the defendants excepted to their refusal."

The amendment of the complaint, the charge given by the court, and the refusal of the several charges asked by the defendants, are now assigned as error.

JOHN WHITE, for the appellants.

PETTUS & DAWSON, *contra.*

BRICKELL, J. — It is settled by the decision in the case of the *New York & Ala. Contracting Company* v. *Selma Savings Bank*, at the present term, that notice of the dishonor of the check drawn by the appellants on Ferguson, one of their copartners, is not necessary to fix their liability.

2. At common law, when suit was founded on a written instrument, the *onus* of proving its execution by the defendant rested on the plaintiff. To obviate the delays incident to the common-law rule, and the surprise to which the plaintiff was always subject under the operation of this rule, by being compelled, by the interposition of pleas wholly unfounded in fact, yet involving this issue, to make proof of this fact, the territorial statute of 1811 made all written instruments, the foundation of suit, evidence, unless their execution was put in issue by a sworn plea. The invariable construction of that statute was, that when a written instrument was the foundation of suit, its execution was not a matter in issue, unless it was denied by a verified plea. When such plea was not interposed, the execution was, in effect, conclusively admitted of record by the defendant. Observing this construction, it was held by this court, in *Fowlkes & Co.* v. *Baldwin, Kent & Co.* (2 Ala. 705), that one of several defendants, sued as partners, could not offer evidence that he was not a partner, without a verified plea denying the execution of the instrument. The terms of the statute of 1811, and of the statute now of force (Rev. Code, § 2682), are so similar, that this court has held the construction of the former statute must be applied to the latter. *Ala. Coal Mining Co.* v. *Brainard*, 35 Ala. 476. It cannot be important whether a defendant seeks to dispute the execution of the note on independent evidence offered by himself, or on evidence which the plaintiff may have introduced in the progress of the trial. The evidence is not available to him, because the fact itself is not an issue before the jury. There is no pleading putting it in issue, and, of consequence, nothing on which the verdict of a jury can be predicated. The fact of execution is admitted of record, for all the purposes of the suit and the trial. There was, of consequence, no error in the

rulings of the court on this point. Bills was to be esteemed a partner, and the written instruments as the acts of the partnership, binding on him, he not having contested the fact by a sworn plea, the only mode of contesting it which the law allows.

3. We do not understand from the bill of exceptions that the account, or the list of items of charge claimed by the plaintiffs, was allowed to go to the jury as evidence. If it was, it was certainly inadmissible. *Grant* v. *Cole*, 8 Ala. 515. It appears that the plaintiffs offered evidence tending to establish the correctness of the account, and, so far as the record discloses, no evidence controverting it was offered by the defendants. The bill of exceptions then recites the charges given and refused, to which exceptions were reserved, and concludes : " The court, against the objection of the defendants, allowed the account for the goods mentioned in the third count in the complaint, as made out by the plaintiffs, to go to the jury ; and the defendants excepted." The bill of exceptions abstains from reciting that the account was allowed to go to the jury *as evidence*. It would not be fair to the circuit court, or just to the parties, or in accordance with the uniform rule which this court observes, for us to presume, in the absence of the statement that such was the fact, that the court, in violation of law, permitted it to go to the jury as evidence. The fair intendment is, that when the jury were about retiring, they were permitted to take the account with them, not as evidence, but as a paper used on the trial, that they might, on a comparison of its charges with the evidence, determine to what extent it was proved, and for which, if any of its items, they would render a verdict.

4. The amendment of the complaint, by striking out the wrong, and inserting the true christian name of one of the defendants, was properly allowed.

The judgment is affirmed.