## THE STATE v. ESTABROOK.

1. Although the charter of the city of Montgomery provides that retailers who procure a licence from the city council shall be exonerated from paying any thing to the county for the privilege of retailing in the city, yet it does not relieve them from the necessity of obtaining a licence from the county court as required by the acts of 1835 and 1839.

On points referred from the Circuit Court of Montgomery.

The defendant was indicted for retailing spirituous liquors in less quantities than one quart, without having first obtained a licence for that purpose, from the county court of Montgomery.— The cause was tried on the traverse of the defendant, the jury found a verdict of guilty, a fine of thirty dollars was imposed, and a judgment was rendered for that sum and costs.

It was proved that a licence was granted on the 9th of October, 1843, by the city council of Montgomery, to a firm of which the defendant was a partner, authorising them to retail spirituous liquors within the same, for the space of nine months: *Further*, that the firm did retail spirituous liquors in Montgomery, after they received the licence. The question referred to this court, is, whether the licence from the city council, authorised the defendant to retail in the manner shown by the proof.

N. HARRIS, for the defendant—cited the thirteenth section of the act incorporating the city of Montgomery, and insisted that it rendered a licence to retail, from the county court, unnecessary; and it was not repealed by the revenue law of 1843.  [Clay's Dig. 560.  See also, Pamphlet Acts, 1837, p. 58.]

ATTORNEY GENERAL, for the State—contended that the provision of the city charter relied on by the defendant, was impliedly repeated by the revenue act of 1843; and whether this were true or not, the charter did not relieve a retailer from the necessity of obtaining licence from the county court to retail within the city.   It only exonerated him from paying any thing for the privilege; besides, the licence produced was for less than twelve months, and is consequently irregular.

COLLIER, C. J.—The act of 1835, requires every person who shall desire to obtain a licence to retail spirituous liquors in this State, to produce to the county court of the county, in which he proposes to obtain a licence, the recommendation of six reputable freeholders or householders, resident within the same, and within five miles of the applicant, and enter into bond with surety, to be approved by the court, and pay thirty dollars, &c.—[Clay's Dig. 556, § 18.]   By the act of 1839, the form of the recommendation is prescribed, and it must affirm that the persons who make it, believe that the applicant is "an individual of unblemished moral reputation."   And it is further provided, that no licence shall thereafter be granted at any other time, than at the regular terms of the county court, "and that no such licence shall be granted for a longer or shorter time than twelve months from the date thereof."

The thirteenth section of the act "to incorporate the city of Montgomery," enacts, "that retailers of spirituous liquors, who may procure a licence from said city council of Montgomery, shall be exonerated from paying any thing to the county of Montgomery, for the privilege of retailing in the city aforesaid."

We think the recital of these several enactments, show quite as clearly as any argument or illustration that could be employed, that a licence to retail, granted by the city council of Montgomery, does not confer that privilege within the city, until the party has also obtained a licence from the county court, in the

manner the statutes prescribe. The object of the provision was doubtless two-fold, to give to the council the power of restraining to some extent, the sale of spirituous liquors within the limits of the city, as well as the revenue derivable from the sale of licences. But there is nothing in the language employed, or in the subject matter, to warrant the conclusion that it was intended to relinquish the control of the county court over the business of retailing within the city. That court is made to some extent, the conservator of the morals of the county, and the checks provided by the acts of 1835 and 1839, must be considered applicable to the case before us—the legislature only relinquishing the price which was to be paid to the county for a licence.

In this view, it was necessary to the protection of the defendant, that he should have obtained a licence from the county court for the space of twelve months. Having attained this conclusion, we need not consider the effect of the thirteenth section of the revenue law upon the privilege granted to the city by its act of incorporation. [Clay's Dig. 560.] But we may remark that there is nothing in the charter to restrain the legislature from imposing a tax upon the retailers of the city; and if a general law has been enacted upon the subject, we cannot very well conceive why the retailers of Montgomery should be exempted from its influence.

Our conclusion is, that in the point referred, there is no error, and the judgment is thus far affirmed.