Page, et al. v. The State.

---

## PAGE, AND ANOTHER, v. THE STATE.

1. To legalize the retailing of spirituous liquors, it is necessary that a license should first be obtained for that purpose from the county court—a license to keep a tavern does not confer that right.
2. The act incorporating the town of Eutaw does not authorize "*bona fide* licensed tavern keepers" resident in that town to retail spirituous liquors within its limits; unless they first obtain from the county court a license to retail.

Writ of Error to the Circuit Court of Greene.

THE plaintiffs in error were indicted for selling spirituous liquors in less quantities than one quart, without a license, and having pleaded "not guilty," the cause was submitted to a jury, who returned a verdict of *guilty*, and assessed the fine of each of the defendants at $20 ; judgment was thereon rendered.

It was admitted on the trial by the defendants, that they had retailed spirituous liquors in less quantities than one quart; but they offered in evidence a license to keep a tavern in the town of Eutaw, in the county in which the offence was charged to have been committed, which license was in force and had been when the retailing took place. They further proved that they were *bona fide* "licensed tavern keepers" in that town, and read to the jury the act of the legislature of January, 1845, entitled "an act to amend an act incorporating the town of Eutaw, in the county of Greene;" and insisted that the statute, as well as their license as tavern keepers, exempted them from the penalties imposed upon those who retailed spirituous liquors in violation of law. But the court ruled otherwise; thereupon the defendants excepted, and their exceptions being duly sealed, are certified to this court.

J. B. CLARK, for the plaintiffs in error, insisted that tavern keepers, in virtue of their license as such, are authorized to retail spirituous liquors. [Clay's Dig. 554, § 1, 2, 3, 4; 555, § 5, 6, 7, 10; 556, § 12, 13, 18; 560 § 13.] But if this be not so, then it is insisted that the act of January, 1845, confers upon licensed taverns in Eutaw such a right. [Pamphlet acts, 1844–45, p. 133.] Statutes like those under which the indictment is attempted to be supported must be strictly construed. [9 Pick. Rep. 414; 3 Pet. Dig. 575, § 233.]

ATTORNEY GENERAL, for the State. A license to keep a tavern does not of itself confer an authority to retail spirituous liquors. [6 Ala. Rep. 628; Clay's Dig. 556, 557, 560, § 13.] The act of 1845 does not authorize tavern keepers thus to deal in the town of Eutaw, but it restricts the power of the county court, so that it cannot grant a license to retail within its corporate limits to any one who is not a *bona fide* tavern keeper resident there.

COLLIER, C. J.—In The State v. Cloud, 6 Ala. Rep. 628, the question before this court was, whether it was an

Page, et al. v. The State.

indictable offence to keep a house of public entertainment for travelers, without first obtaining a license from the county court. After answering this question in the affirmative, it is said that the offence of retailing spirituous liquors without license is distinct from this, although the legislature by the act of 1807 considered a *tavern*, not only a house for the entertainment of travelers, but also for the sale of liquors; but it was supposed that the act of 1843, " to raise a revenue for the support of the State government, and for other purposes," made a distinction, and that a license to keep a tavern was not an authority to retail spirituous liquors. What was said beyond the consideration of the precise point presented, it is insisted is nothing more than a mere *dictum*—not entitled to the weight of authority. Be this as it may, we will address ourselves to the case before us, and treat the question raised upon the bill of exceptions as *res integra*.

It may be conceded that the act of 1807 contemplates a license to keep a tavern as embracing a permission to retail spirituous liquors, and that all the subsequent enactments up to 1837, are passed upon that hypothesis. A statute passed in the latter year provides that every person who may become desirous to obtain a license to retail spirituous liquors in this State shall first produce to the county court, of the county in which he purposes to obtain it, the recommendation of six reputable freeholders or householders thereof, who reside within five miles of the petitioner, and enter into bond and security to be approved by the court, and pay the sum of thirty dollars in open court for the use of the county." [Clay's Dig. 556, § 18.] The seventh section of the act of 1843, to raise a revenue for the support of the State government, and for other purposes, enacts that " for each license to keep tavern in any city in this State, there shall be paid $50; for each license to keep a tavern in any incorporated town or village, $10; for each license to retail spirituous or fermented liquors, $30." [Id. 560, § 13.] By the first section of " an act incorporating the town of Eutaw, in the county of Greene, it is declared that no person except such as are or may be *bona fide* licensed tavern keepers, shall be allowed in any manner or form, to vend any ardent or distilled liquors, in less quantities than one quart, to any person

or persons whatsoever, within one mile of the court house in the town of Eutaw, in the county of Greene, and for every violation of this act, the person or persons so offending shall be subject to indictment, &c. and upon conviction be fined in a sum not less than $500, and be imprisoned in the county jail, for a term not less than three months."

We think it perfectly clear that the acts of 1837 and 1843, make it necessary, in order to legalize the retailing of spirituous liquors, that a license should be first obtained for that purpose from the county court; and that a license to keep a tavern does not confer such a right. This is apparent from the preliminary steps prescribed by the former; by the distinctions between such licenses as are expressed in the latter, and the tax imposed upon them respectively.

The only question then is, does the act incorporating the town of Eutaw invest " *bona fide* licensed tavern keepers " to retail within its limits. It certainly does not give such a right *in tolidem verbis*, and we think the exception in their favor cannot upon any just principles of construction be held to confer an authority—it merely prevents the general prohibition from operating against them. The prohibition is against retailing by all persons, with or without a license; the exception is in favor of tavern keepers, who are permitted to retail pursuant to the provisions of the general law upon the subject, which we have seen makes it necessary to obtain a special license. This exposition is in harmony with reason —carries out the obvious design of the legislature, and is well supported by the rules which have been established for the interpretation of statutes. The circuit court decided the law correctly, and its judgment is affirmed.