## INTENDANT AND COUNCIL OF GREENSBORO' v. MULLINS AND BARFIELD.

1. On the 13th March, 1845, the Intendant and Council of Greensboro' passed an ordinance, authorizing any person who had obtained a license from the county court to retail spirituous liquors in the town of Greensboro', upon paying $100 and taking out a town license; the penalty for infringing this ordinance was $20. On the 8th May, 1845, an ordinance was passed, requiring all licensed retailers in the corporation to pay a tax of $10. The defendants were licensed by the county court, in July, 1844, and August 1845, and in September, 1845, retailed spirituous liquors in the town, without taking out a license under the ordinance of March. In an action to recover the penalty—Held, that the meaning of the two ordinances, taken together, was, that the ordinance of May imposed a tax as an additional charge, without reference to the time when the party was licensed by the county court.

Writ of Error to the Circuit Court of Greene. Before the Hon. J. D. Phelan.

THIS cause was instituted at the instance of the plaintiff in error, by a summons returnable before the intendant of the corporation, requiring the defendant to answer to a charge of retailing spiritous liquors, without a license, in violation of one of the ordinances of the town. Upon the trial, the defendants were fined $20, and a judgment given accordingly, with costs, by the Intendant. The proceedings were removed by appeal to the circuit court, where judgment was rendered in favor of the defendants, and against the plaintiff, for costs, upon a case agreed by the parties.

W. P. and J. D. WEBB, for the plaintiff in error, cited the act of the 27th January, 1845, amendatory of the several acts incorporating the town of Greensboro'; several ordinances of the town, and the case of the Intendant and Council of the Town of Marion v. Chandler, 6 Ala. R. 899.

J. ERWIN, for defendant in error.

COLLIER, C. J.—By the act of 27th January, 1845, cited for the plaintiff in error, the corporate authorities of the town of Greensboro', are invested with authority to provide for regulating and licensing retailers of spiritous liquors, within the corporate limits of the town, and the exclusive right of granting such license, prescribing the sum to be paid therefor, annulling and prohibiting the same upon good and sufficient complaint being made against any person or persons holding such license, reserving however to the state and county, in all cases where the intendant and council may choose to grant license, the taxes by the laws of the state imposed, to be collected from such retailers as the corporate authorities may think proper to license. The same enactment gives to the intendant jurisdiction to hear and determine all controversies, or matters growing out of the orders, regulations and ordinances of the intendant and council; such as fines, forfeitures, and penalties inflicted, &c.: *Provided*, that in all cases where the amount of the fine, &c., shall exceed two dollars, the party aggrieved may appeal to the circuit court.

On the 13th March, 1845, the intendant and council passed an ordinance, declaring that any person who shall have obtained a license from the county court, may retail spiritous liquors in the town until the first day of January thereafter: *Provided*, he shall pay one hundred dollars, and receive a license from the secretary, under the order of the board. The same ordinance requires a certain oath to be taken, and enacts, that if any person shall retail spiritous liquors in the town, without complying with its requisitions, he shall pay the sum of twenty dollars, to be recovered with costs.

An ordinance was passed on the same day, declaring the

Intendant, &c. of Greensboro' v. Mullins and Barfield.

tax that should be levied on certain objects; and on the 8th May, 1845, this ordinance was so amended, as to require all licensed retailers in the corporation to pay a tax of ten dollars. This tax it was admitted had been paid by the defendants. The defendants had been licensed as retailers by the county court of Greene, in July, 1844, and again in August, 1845—they had retailed spiritous liquors in the town in September of the last named year, without obtaining license as required, by the ordinance of March. The question submitted is, whether the payment of the tax under the ordinance of May, and the renewed license by the county court authorized the defendants to retail within the corporate limits of the town?

As a municipal regulation, it is competent for an incorporated town or city, when authorized by its charter, to require one who is licensed to retail spiritous liquors by the county court to purchase from the corporate authorities the privilege of retailing within its limits. 6 Ala. R. 899. The act of January, 1845, in most explicit terms, confers the power to enact the ordinance of March, and it is not denied by the defendants.

It is argued for the plaintiffs, that the ordinance of May, levying a tax of ten dollars on retailers, was intended to apply to such only as had obtained a license from the county court previous to January. The terms of the ordinance do not, we incline to think, sustain this argument; but the fair interpretation of both ordinances, taken together, is, that the one prior in time, required the retailer to obtain a license from the intendant and council, and the latter without reference to the time when he was licensed by the county court, imposed a tax, as an additional charge on his business. These conclusions seem to us altogether clear upon their mere statement.

The plaintiff does not deny, that the license by the county court, in July, 1844, authorized the defendants to retail in the town, while it continued operative. What we have said will indicate, that when that license was renewed, in August 1845, one should have been obtained in the manner the or-

dinance of March prescribes, in order to exempt the defendants from its penalty.

Whether it was competent to impose a tax upon retailers whom the corporation had licensed, it is unnecessary to inquire, for conceding that the ordinance which imposes it is void, it cannot in any manner affect the ordinance which requires a license to be obtained. And upon no principle of construction can it operate as an implied repeal of it. The consequence is, that the judgment of the circuit court is reversed, and the cause remanded.