## MAYOR AND ALDERMEN, &c. v. ALLAIRE.

1. Where a city corporation has power by its charter, to pass laws for the enforcement of quiet and good order within the limits of the corporation, and passes an ordinance, imposing a fine for an assault and battery within its limits, it is to be considered as a mere regulation of police, and does not interfere with the right of the State, to punish the offender, for a breach of the criminal law of the State. A judgment, and conviction therefore, in a court of the State, is no bar to a proceeding before the corporation court, for the violation of its police regulations.

Writ of Error to the County Court of Mobile.

THIS was an appeal from the judgment of the mayor of the city of Mobile. The plaintiff in error had committed an assault and battery upon the person of one Charles Cullum, within the corporation limits of the city of Mobile, which assault and battery was in violation of an ordinance of the city which was then in force, and imposed a fine of $50 for a violation of its provisions. He was arrested, and fined by the mayor of the city $50, from which judgment he appealed to the county court. Subsequent to the appeal, and before the trial in the county court, he had been arrested, indicted, tried, and found guilty for the same assault and battery, in the circuit court, held in and for Mobile county, which fine and costs he had paid.

The court charged the jury, that he could not be tried

Mayor and Aldermen, &c. v. Allaire.

twice for the same offence, and that the conviction of the defendant, for the same act in the circuit court, was a complete bar to the plaintiff's recovery, on the appeal.    To this charge the plaintiff excepted, and now assigns it as error.

LOCKWOOD, for plaintiff in error.

From the record, it appears that the defendant was fined by the mayor of the city of Mobile $50, under an ordinance of said city, for a breach of the peace, and an assault upon the person of Charles Cullum, within the limits of the city.    That the defendant took an appeal to the county court, and while said appeal was pending, the defendant was arrested, tried, convicted and punished, for an assault and battery on Charles Cullum, in the circuit court of Mobile county.    The court charged the jury in this case, that it was contrary to law for a man to be tried and punished twice for the same offence; and that the conviction for the same act in the circuit court was a complete bar to this action.

The legislature, in the act incorporating the city of Mobile, gives the corporate authorities express power to pass all such resolutions, by-laws, and ordinances, as they, or a majority of them may deem requisite and necessary for the good government of the city, not contravening the laws of the State of Alabama; and the same act gives power to punish by fine, &c. for infractions of the same.    See Acts of 1843-4, 180, 181.

The existence of the ordinance is admitted by the record.

The right to impose and enforce the payment of the fine in this case is not contrary to the laws of this State.    Mayor of Mobile, &c. v. Rouse, 8 Ala. 516; Intendant and Council of Marion v. Chandler, 6 Ala. Rep. 902; 1 Wend. Rep. 237; 1 Bay's Rep. 382.

COLLIER, C. J.—The 15th section of the act of 1844, "to consolidate the several acts of incorporation of the city of Mobile, and to alter and amend the same," after declaring that the mayor, aldermen, &c. shall have full power and authority to pass all by-laws and ordinances to effect certain defined purposes, provides that they shall be authorized "to

51

pass all such resolutions, by-laws and ordinances, as they, or a majority of them, may deem requisite and necessary for the good government of the said city, not contravening the laws of the State of Alabama." It is enacted by the 44th section of the act, that the mayor, or either of the aldermen or common council-men, shall issue process as a justice of the peace for the city, for offences committed under this act, and for a breach of all or any of the by-laws or ordinances of the corporation, to the marshal, &c. who in pursuance thereof shall bring the offender before the mayor, &c.; and the mayor, &c. shall proceed to try the offenders, and examine all witnesses, &c. and give judgment as to him shall appear just and legal. If any such person shall be dissatisfied with the decision of the mayor, &c. he may appeal to the circuit or county court of Mobile, in all cases where the amount in controversy shall exceed $20, and the proceedings thereon shall be as prescribed by law in other cases of appeal.

We think it cannot be questioned that the ordinance on which the defendant was prosecuted was authorized by the powers conferred upon the corporation. The prompt suppression of riots, affrays, assaults and batteries, and other kindred offences, and the punishment of the offender, is certainly requisite and necessary for the *good government* of the city. It is a power exercised by most, if not all the municipal corporations in this country of the extent of Mobile, and this consideration, even if the question were doubtful, should incline us to hold that it was embraced by the general grant; the more especially as the only limitation prescribed is, that the ordinances, &c. contemplated, shall not be repugnant to the laws of the State.

In the Mayor of Baltimore v. Hughes's adm'r, 1 Gill & Johns. Rep. 480, it was held, that a municipal corporation must act within the limits of its delegated authority, and cannot go beyond it; this authority ought not by construction to be made to mean what is not clearly expressed; and when the ordinances of the corporation will admit of two constructions, they should receive that construction which is consistent with the power given, and not that which is in violation of it. Such a corporation has power to pass all laws necessary or proper to carry into effect any given power,

and the degree of their necessity or propriety should not be minutely scrutinized, but the court ought to see that they may be the means of accomplishing the object of the grant; the degree of their necessity is a subject for the judgment of the corporation, the court must determine whether they contribute in any degree to accomplish the object. Glenn v. The Mayor, &c. of Baltimore, 5 Gill & Johns. Rep. 424. See Duncan v. The Maryland Savings Institution, 10 Gill & Johns. Rep. 308.

In respect to the reasonableness of the ordinance, so far as the record informs us of its provisions, and the regularity of the proceedings to punish for the breach, we think no question can arise.

The object of the power conferred by the charter, and the purpose of the ordinance itself, was not to punish for an offence against the criminal justice of the country, but to provide a mere *police regulation* for the enforcement of good order and quiet within the limits of the corporation. So far as an offence has been committed against the public peace and morals, the corporate authorities have no power to inflict punishment, and we are not informed that they have attempted to arrogate it. It is altogether immaterial whether the State tribunal has interfered and exercised its powers in bringing the defendant before it to answer for the assault and battery; for whether he has been there punished or acquitted, is alike unimportant. The offence against the corporation and the State, we have seen are distinguishable, and wholly disconnected, and the prosecution at the suit of each proceeds upon a different hypothesis—the one contemplates the observance of the peace and good order of the city—the other has a more enlarged object in view, the maintenance of the peace and dignity of the State. See The State v. Estabrook, 6 Ala. Rep. 653; The Intendant, &c. of Marion v. Chandler, Id. 699; Rogers v. Jones, 1 Wend. Rep. 237; 1 Bay's Rep. 382; The Mayor, &c. of Mobile v. Rouse, 8 Ala. Rep. 515; Page and another v. The State, 11 Ala. Rep. 849; Corporation of Greensboro' v. Mullins and Barfield, 13 Ibid. 341. What we have said will sufficiently show the error in the ruling of the county court, and its judgment is consequently reversed and remanded.