## CHARLES MINTURN, Et Al., Appellants, v. JOHN C. HAYS, Sheriff, Respondent.

A steam-boat whose owners reside in New York and by whom it was sent to San Francisco and used in navigation within the State, is liable to assessment and taxation.

By the XI. Art. 13th sect. of the Constitution, it is not within the power of the Legisluture to exempt any species of property, however owned, from taxation.

The language used in the 8th section of the act of 1851, that " every person shall be listed in the county where he resides," does not exempt the property of non-residents of the State from taxation.

That the same property is taxed in New York, is no ground why it should not be taxed in California, when it is within the limits of the latter State.

In our Courts the rules and principles of equity practice remain unaltered, and the writ of injunction can only be issued where the case is one of equity jurisdiction.

In all cases involving simply the question of taxation, the issue is strictly one at common law ; and Courts of Equity can take no cognizance thereof; and in such case to grant an injunction, is error.

APPEAL from the Fourth Judicial District, County of San Francisco.

The complaint states, that the plaintiffs are residents of New York, and the owners of the steam-boat New World, built, &c., in New York, whence she sailed for San Francisco and arrived in June, 1850, and has ever since been employed as a passenger and freight boat, in running between Sacramento City and San Francisco ; that the plaintiffs have been taxed in New York for their property in the said boat; and that defendant, Sheriff of San Francisco, threatens, and is about to seize said steam-boat for taxes assessed against the same in the county of San Francisco, in the year 1851 ; which assessment is made as follows ; " Charles Minturn, agent, Steam-boat New World, value $65,000;" which plaintiffs say, is illegal, &c. ; that said Charles Minturn is not owner of, and has no interest in, the boat, and that neither of said plaintiffs has been assessed in said county for any personal estate: and pray for an injunction.

The Court ordered an injunction to issue; and the defendant

demurred, alleging for cause, 1st, defect of parties; the complaint alleges illegality in the assessment, and the assessor is not made a party.  2d, The facts as stated do not constitute a cause of action; and 3d, Are not sufficient to give the Court jurisdiction. The Court sustained the demurrer; and plaintiffs appealed.

*A. T. Wilson,* for appellant.   No brief on file.
*Thomas* and *Morse,* for respondent.

For respondent it was argued, that the complaint showed that the property taxed was in the State, and therefore liable to be taxed; and cited the Constitution, art. XI., sec. 13; Act of 1851, sec. 2, 11.   A foreigner or stranger sending his property into a jurisdiction in which he does not reside, submits to its laws. Sto. Equity, 388.   What the law protects must be made to contribute to its support.   Protection and taxation are correlative duties and obligations.   Ib.   That the State of New York taxed the appellant is no defence.

The case presented by the bill is not of equity cognizance, in which an injunction could issue.

The imposition of taxes belongs exclusively to the Legislature; the assessment and collection to the executive branch of the government; and the judiciary can only take cognizance of either as a court of law.   6 Johns. Ch. Cas. 28; 26 Wend. 132; 9 Paige, 138; Ib. 16; 4 Barb. 1; C. R. 9 and 17; 3 Ohio Rep. 370.

HEYDENFELDT, Justice, delivered the opinion of the Court; with which ANDERSON, Justice, concurred.

The plaintiffs allege that they are citizens of the State of New York; that they own the steamer New World, which is engaged in navigating the waters of the State of California; that they pay taxes for said steamer in New York, and therefore they say that they ought not to be taxed here, and pray that the tax collector be restrained by injunction, from levying the assessments made against said steamer.

The policy and right of a sovereign State to tax property within her limits, are questions so familiar, that I consider it unnecessary to discuss them.

And indeed the right of the State to tax the property in question, was admitted in the argument by the plaintiff's counsel.   He insists, however, that the State has not attempted to

enforce that right, and that the revenue law does not provide for a case of this kind. His reasoning is founded on the 8th section of the Act of 1851, which says, "Every person shall be listed in the county where he resides," &c.; and therefore, because the plaintiffs are residents of no county in the State, they are unaffected by the provisions of the law.

This is certainly a singular construction; and its practical effect would be, that non-resident foreigners shall receive the protection of the State in the enjoyment of property, and in the profitable pursuits of commerce and traffic, free from any of the burdens of government; and that these shall be borne exclusively by the resident citizens of the State, who enjoy no greater benefits, and receive no higher protection. To such a view, I cannot give my assent.

Nor do I conceive it to be within the power of the legislature, to exempt any species of property, however owned, from taxation.

The 11th article of the 13th section of the Constitution, declares, "all property in this State, shall be taxed in proportion to its value."

This language is explicit in prescribing the duty of our lawmakers, and the law presumes that they did their duty, unless its violation is so plain and palpable, as to be beyond the limits of construction.

But considering the section relied upon, with other portions of the revenue act, it is very evident that it was only intended as a provision for the convenience of the resident tax payers of the State, and not as an exemption from the payment of all taxes, by the non-resident owners and proprietors.

By the 10th section of the same act, unoccupied land may be listed as lands of persons unknown; and the 26th section provides so particularly for the taxation of the property of non-residents, that I deem it unnecessary further to discuss the intention of the legislature.

That the plaintiffs pay taxes for the same property, in the State of New York, is no ground of complaint against the exercise of a legitimate act of sovereignty by the State of California. I can see no reason why the power of taxation should be conceded to the one and not to the other, especially as in the

case of the one, the property is without, and in the case of the other, it is within her limits.

Another question raised in the argument is, as to the propriety of the remedy by injunction, to which the plaintiff has resorted. The writ of injunction belongs to the Court of Chancery exclusively; and although in this State there is no separate forum for the adjudication of chancery cases, yet in our Courts having chancery jurisdiction, the rules and principles of equity practice remain unaltered. The writ of injunction can only be issued where the bill of complaint makes out a case of equity jurisdiction. In the case under consideration, and in all cases involving simply the question of taxation, the issue is strictly one at common law, and courts of equity can take no cognizance thereof. The writ of injunction was therefore improperly resorted to, and should have been refused.

> Let the judgment be affirmed, with costs.