## BURKE *vs.* HOUSEMAN, tax collector.

*Sixth District Court for Sacramento Co., March T.,* 1858.

### TAX-SALES—INJUNCTION—PUBLICATIONS.

Where the sheriff's deed under a tax-sale is made *prima facie* evidence of title in the purchaser, it would become, if it were illegal, (owing to any insufficient compliance by those whose duty it is to make the sale, with the requirements of the statute regulating the same, or by reason of any other cause,) a cloud, which a court of equity will interpose to prevent.

A provision in a statute regulating the collection of taxes, which requires the publication of the delinquent tax list in some newspaper, or in a supplement to such paper, is not sufficiently complied with unless the supplement be circulated as extensively as the paper itself.

On demurrer to a bill in equity filed to restrain the defendant, a tax collector of Sacramento county, from proceeding to sell certain real estate, the property of plaintiff, on the ground that the sale will be irregular, unauthorized and void ; but that a deed executed under such sale will be a cloud upon plaintiff's title to the premises in question.

The necessary facts are reported in the opinion.

The names of counsel have not been furnished.

Botts, J.—The plaintiff alleges that the defendant threatens, and is about, to sell certain property belonging to the plaintiff for taxes claimed to be due to the city of Sacramento. This threatened sale is alleged to be illegal in several respects. The plaintiff prays for a

perpetual injunction. To this bill the defendant demurs, on the ground, first, that for any injury to result from the threatened sale, the plaintiff has an adequate remedy at law ; and, secondly, that the irregularities complained of would not invalidate the sale.

As a general rule, equity will not interfere to prevent a sale of real estate by any one pretending to have an interest in the property; because, it is said, if the vendor have no title, none will pass, and no injury will be sustained. But, where the vender, by a sale to an innocent purchaser, might defeat an equity of the plaintiff, the court would always interpose to preserve the equity. Again, courts of equity will interfere to prevent, or to remove, a cloud on the title to real estate. A cloud may, perhaps, be defined to be an apparent but not a real title, one which might inequitably annoy the real owner. But under ordinary circumstances, tax sales present no such features as these ; and, consequently, they have been repeatedly held to afford no ground for interposition by injunction. This was the doctrine of the supreme court in *De Witt* v. *Hayes*, (not reported,) and in *Minturn* v. *Hayes*, 2 *Cal.*, 590. But, in *Palmer* v. *Boling*, decided 6 *Cal.*, Oct. T., (not reported,) the supreme court—a full bench, too—declare, that since the sheriff's deed under a tax sale is made *prima facie* evidence of title, it would become, if the sale were illegal, a cloud which a court of equity should interpose to prevent; expressly stating that, to such a case, the doctrine of *De Witt* v. *Hayes* is inapplicable. In *Palmer* v. *Boling*, although it was admitted that a threatened tax sale might afford ground for injunction, the court held that there was no illegality in the proceedings complained of. Upon this point, the plaintiff obtained a rehearing ; and upon the rehearing, the court—*Palmer* v. *Boling*, (7 *Cal.*, Oct. T.)—re-affirmed their former decision, giving additional reasons for sustaining the proceedings complained of. If the court had changed their opinion upon the nature of the remedy, as the counsel for the defendant supposes, they would hardly have delivered an elaborate opinion on the merits of the particular case. That courts of equity will, then, in proper cases, interfere to prevent tax sales, I take to be the settled law of the land. Is the case at bar such a case ?

I shall notice one only of the several irregularities complained of ;

because it appears to me to be a substantial defect, that, if it really exist, would invalidate the title of the purchaser. It has been repeatedly and invariably held, that such sales, to be valid, must be preceded by the requirements of the law. The Act directs the publication of the delinquent tax list in some newspaper published in the county, or in a supplement to such paper. This requirement must be strictly complied with. If the list be printed in the body of the paper, it would, of course, be circulated as extensively as the paper itself. To have printed the list in one copy of the paper, and to have omitted it in all others, would not have satisfied the requirements of the law ; this would have been to " print," but not to " publish." When the law authorized the publication upon a separate piece of paper, it never was intended to limit the publication. I think there can be no doubt that it was contemplated that the list, whether printed in the body of the paper or on a separate sheet, should be circulated as widely as the paper itself. To fail to advertise as the law directs, is to fail to advertise at all ; and without advertisement, the sale would be, clearly, invalid. Now the bill alleges that the list was printed in a supplement to a newspaper called " *The Daily Bee,*" and that said supplement was not circulated as extensively as the newspaper itself; and that the said publication was not made for the time prescribed by law. A sale effected under such circumstances would cloud the title of the owners ; and the homely saying, that " an ounce of prevention is better than a pound of cure," has ever been a favorite doctrine of the court of chancery.

As to the homily in the defendant's brief upon the *moral* obligation resting upon all good citizens to pay their taxes, whether legally or illegally exacted, I have only to say, that there is a future and higher court, in which that part of the case may be considered.

The demurrer is overruled.