## OSBORNE *vs.* MAYOR, ALDERMEN, &c. OF MOBILE.

[APPEAL FROM FINE IMPOSED BY MAYOR'S COURT ON AGENT OF EXPRESS COMPANY, FOR TRANSACTING ITS BUSINESS IN MOBILE, WITHOUT HAVING TAKEN OUT LICENSE.]

1. *City of Mobile, § 2 of ordinance passed 2d day of March,* 1866; *not in conflict with the constitution of the United States, nor of the State of Alabama.*—That part of section 2 of an ordinance of the city of Mobile, passed 2d day of March, 1866, which requires the payment of an annual license of $500 of " every express company or rail road company, who shall do business in the city of Mobile, and whose business extends beyond the limits of the State," is not in conflict with the constitution of the United States, nor with the constitution of the State of Alabama.

2. *Same, license required; not an import or export duty, nor regulation of commerce.*—Such a license tax is not an import or export duty, nor is it a regulation of commerce between the several States, nor between the State and foreign countries.

3. *State, power of to levy taxes; [to what extends, how limited.*—The power of the State to levy taxes, and impose licenses, extends to every species of property, and to all occupations within the State, except where the power is limited by the constitution of the United States, or by the constitution of the State.

4. *Power to tax may be delegated to municipal corporation.*—This power to levy taxes and impose licenses may be transferred to a municipal corporation within the limits of the corporation.

APPEAL from the Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOTT.

The facts are stated in the opinion.

J. LITTLE SMITH, for appellant.—The judgment of the court below violates the following provisions of the constitution of the United States, and the acts of Congress made on the subjects to which these provisions of said constitution relate, that is to say: Article 1, paragraph 3 of section 8, which provides that Congress shall have power to regulate commerce with foreign nations, and among the several States, &c., and paragraph 18 of the same section.

Article 1, paragraph 5 of section 9, which provides that no tax or duty shall be laid on articles exported from any State; no preference shall be given by any regulation of commerce or revenue to the ports of one State over those of another, &c.

Article 1, paragragh 2 of section 10, which provides that no State shall, without the consent of Congress, lay any imports or duties on imports or exports, except what may be absolutely necessary for executing its inspecting laws, &c.

The ordinance in question imposes a greater tax on those express companies whose *business* extends *beyond the limits of the State*, than it does on the same companies whose business is confined to the limits of the State, and it prohibits any person or company from doing this, or any other business taxed by the ordinance, without payment of the tax or license required, and a penalty is imposed on such as do business without the payment of such tax or license.

A tax of ten dollars is imposed by the United States on all express companies or persons doing express business.— U. S. Statutes at Large, vol. 13, p. 473, § 50.

The tax being laid on the ground that *the business* of the company *extends beyond the limits of the State*, is a tax of discrimination on the business done not *within the State*, but that done *outside of or beyond the limits of the State;* that is to say, the subject matter of the tax is not within the State and subject to its sovereign power of taxation, but it is upon imports or exports merely, "*in transitu*," through the State. It, therefore, operates as a duty or import, on exports; it tends to prevent or impede licensed importation or exportation itself. It is a burthen on imports or exports as such, and interferes with the regulation of commerce by Congress, or its exclusive power to regulate it.

The ordinance taxes not its own citizens or their property, or an occupation pursued within the State, but something done in other States, or foreign countries. It is such external thing or business that is made the subject-matter of the tax, as contradistinguished from a subject matter or

business done within the State. It is the commerce or business done with other countries, which is the express reason or cause of a vastly heavier tax or license imposed.

The tax violates the rights of the several States, under the United States constitution, because one State can not tax the property or business of any one that is beyond the limits of the State imposing the tax, and therefore in another State, in a foreign country, or on the high seas. Certain personalty, which in point of fact is out of the State, is some times taxed by a State in which the owner resides, because, by construction of law, the "*situs*" of such property follows the person of its owner, but that is a very different thing from taxing the transportation of the property of others, whether in or out of the State, simply because the seat of such business, or a branch of it, happens to be in the State imposing the tax, and where the tax or unfavorable discrimination is upon, or because of such business, is beyond the State.

The ordinance prohibits any company from doing such business of carrying goods, by express, into or out of the State, to or from foreign countries, or a sister State, without having paid the discriminating tax required. The tax is certainly an import or duty, collected once every year on the imports or exports the express companies may carry, and if one sum can be imposed, any other, though it may be one that will amount to a prohibition of the business, may be.

What difference is there between a ship owner or captain carrying goods for hire, and an express owner or agent also carrying goods for hire? They are both means of commercial intercourse. Yet the supreme court of the United States has decided that ship owners or captains, and stage, steamboat, and rail road lines, can not constitutionally be taxed for transporting passengers or freight through a State, or to points beyond its limits, or for bringing them from without into the State.

This tax falls within the principles of these decisions, and not within that of Nathan's case, (8 Howard S. C. Rep. 79,) as shown. The principles referred to are found

in the following cases :—*Brown v. Maryland*, 12 Wheaton, 436; *Southern Steamship Company v. Master and Wardens of New Orleans*, 6 Wallace, 31 ; *Amy v. State of Nevada*, 6 Wallace, 35 ; *State of Louisiana v. S. H. Kennedy & Co.*, in 1867 ; *Passenger Cases*, 7 How. Rep. 393, &c.; *Gibbons v. Ogden*, 9 Wheat. 1 ; *New Orleans v. Southern Express Co.*, 7 Dist. Ct. MS. opinion.

The substance of the act can not be disguised by any new form in which the tax is imposed.—12 Wheat. 436.

C. W. RAPIER, *contra.*—The State may delegate to a municipal corporation the power to impose taxes.—9 Ala. 236; 6 Ala. 653, 899.

The State may tax all persons, property and vocations within its jurisdiction.—8 How. 82 ; 4 Cal. 57 ; 9 Ala. 236; 4 Peters, 514; 4 Wheat. 316; 12 Wheat. 419 ; 2 Pet. 449.

The State has concurrent power with the general government in regulations of commerce between the States; or, at least, such a law of the State is valid if it does not conflict with an act of congress.—7 Howard, 578; 34 Ala. 249; 40 Ala. 133.

The validity of the State law can not be questioned, except by those who show a collision with an act of congress. 34 Ala. 249.

There is nothing in the ordinance in question, or the requirement of the tax it imposes, repugnant to any provision of the Federal constitution. No preference is given by the ordinance to the people of one State over those of another; nor does the city charter, nor the ordinance, attempt to regulate commerce between the States; nor does either have the effect of so regulating commerce.

PETERS, J.—The record shows that the corporate government of the city of Mobile, in this State, passed an ordinance on the 2d day of March, 1866, of which the following sections were a part, viz :

"Sec. 2. Every express company or railroad company who shall do business in the city of Mobile, and whose business extends beyond the limits of the State, shall pay an annual license of five hundred dollars, which shall be

deemed a first grade license; if within the limits of the State, one hundred dollars, and shall be deemed a second grade license; and if within the limits of the city of Mobile, fifty dollars, which shall be deemed a third grade license."     *     *     *     *     *     *

· "Sec. 35. Any person or persons, or incorporated companies, doing business or pursuing any avocation without obtaining the proper license, or who shall violate any of the provisions of this ordinance, shall be subjected to a fine not exceeding fifty dollars for each and every day's violation thereof, to be imposed by the mayor and collected as other fines."

It also appears that Frank R. Osborne, the agent of the Southern Express Company, doing business in the city of Mobile, was, on or about the 10th day of February, 1869, fined by the mayor of said city the sum of twenty-five dollars for a violation of this ordinance. This suit was taken by said Osborne, by appeal, to the circuit court for the county of Mobile, in this State, and submitted to the court on an agreed state of facts. The judgment against Osborne in the mayor's court was affirmed, in the said circuit court, at its spring term, 1869. And from this judgment of the circuit court said Osborne appealed to this court. The only question insisted on in said circuit court, and again relied on in this court, is, that said ordinance, as to said express company, is unconstitutional and void, and that said express company is not bound to pay the tax for said license thus levied.

The grounds urged for this exemption, as I understand them, as set out in the brief of the learned counsel for the appellant, are, that said ordinance attempts to regulate commerce between this State and other States of the Union, and with foreign States, and imposes a duty on exports and imports, without the consent of congress.

The learned counsel for the appellant refers the court to article 1, section 8, part 3; article 1, section 9, parts 5 and 18; article 1, section 10, part 2, of the constitution of the United States, and the acts of congress to enforce these clauses of the constitution, as the grounds of objection to this ordinance. The acts of congress above mentioned

are but an effort to carry into legislative effect the constitutional provisions above referred to. They do not narrow the powers of the State.

Most clearly, the license tax levied by the corporation of the city of Mobile upon the express company, for the privilege to carry on its business in said city, is no export or import duty, either upon foreign trade or the trade between the States of the Union. These terms have been too clearly and repeatedly defined to allow any doubt of their signification now. This is a tax for " a license to do business," by the express company, *within* the limits of the city. It has nothing to do with the character of the goods and merchandise that the company may transport, or whether they may or may not transport any goods or merchandise at all. An import or export duty or tax is a tax levied directly upon the article imported or exported; that is, brought into the State or carried out of it. — *Brown v. The State of Maryland*, 12 Wheat. 419, 437, 438; *Passenger Cases*, 7 How. 283. This is not a license to export or to import. It does not, then, infringe either of the sections of the constitution referred to.

Neither is it a tax " to regulate commerce ;" which is prohibited to the States. To regulate commerce, is to prescribe a rule by which it is to be governed.— *Gibbons v. Ogden*, 9 Wheat. 196; Story's Const. § 1061; Story's Const. § 1061, note 2. This is nothing of that kind. The company can conduct its business as it pleases, and charge what rate of fees for transportation it pleases. Express companies are common carriers, and this ordinance does not interfere with their duties, as such, in the slightest. It is simply a tax for license to conduct their business in the city of Mobile, and not a regulation of the business itself. It can not therefore be obnoxious to the constitutional provisions above cited.—*Baldwin v. The American Express Co.*, 22 Ill. 197; *S. C.*, 26 Ill. 504; *Southern Express Co. v. Caperton*, January term, 1870.

The State may delegate its power to tax or grant licenses to a municipal corporation within the limits of such corporation. This has been done in this case.—*Battle v. The Corporation of Mobile*, 9 Ala. 234; *Intendant of Marion v.*

*Chandler*, 6 Ala. 899 ; *Eastabrooks v. The State*, 6 Ala. 653 ; *Lott v. Mobile Trade Co.*, June term, 1869, Head-notes, p. 20 ; *West v. Corporate Authorities of Greenville*, 39 Ala. 69 ; *Intendant of Greensboro v. Mullins*, 13 Ala. 341.

The power of the State to levy taxes and to impose licenses extends to every species of property, and to all occupations within the State, except where this power is expressly limited by the constitution of the United States, or by the constitution of the State itself. It has already been shown that the power here exercised does not infringe the constitution of the Union, and it is not forbidden by the constitution of the State. It is, therefore, legal.— *Crandall v. State of Nevada*, 6 Wallace, 35 ; *Weston v. City Council of Charleston*, 2 Peters, 449 ; Chief-Justice *arguendo, Prov. Bank v. Billings et al.*, 4 Peters, 515, 516 ; *Nathan v. Louisiana*, 8 Howard, 79, 82 ; *Hinson v. Lott*, 8 Wallace, 148 ; *Woodruff v. Parham*, 8 Wallace, 123 ; *Waring v. The Mayor, &c.*, 8 Wallace, 110 ; *Paul v. Virginia*, 8 Wall. 168 ; Marshall, C. J., *arguendo* in *McCulloch v. The State of Maryland*, 4 Wheat. 316.

A State law, and, for a like reason, the law of a State municipal corporation, will not be declared unconstitutional unless it is clearly not in conformity with that instrument. *Fletcher v. Peck*, 6 Cr. 87.

The court below did not err. The judgment of the circuit court is, therefore, affirmed at appellant's costs.