# Southern Express Company *v.* Mayor, etc., of Mobile.

*Bill in Equity to enjoin Collection of Illegal Tax.*

*Validity of city ordinance of Mobile, imposing license tax on express companies.* — The second section of the city ordinance of Mobile, passed on the 2d March, 1866, which requires " every express company who shall do business in the city of Mo-

bile, and whose business extends beyond the limits of the State," to pay an annual license of $500 ; "if within the limits of the State, $100 ; " " and if within the limits of the city of Mobile, $50," — is not violative of any constitutional provision, State or Federal, and is within the powers granted by the charter of said city.

APPEAL from the Chancery Court at Mobile.

Heard before the Hon. ADAM C. FELDER.

The bill in this case was filed by the appellant, a corporation doing business as a common carrier, whose principal place of business was alleged to be in Augusta, Georgia ; and sought to enjoin the collection of a license, or tax, which the defendants, the corporate authorities of the city of Mobile, were demanding and attempting to collect, under the second section of an ordinance passed on the 2d March, 1866, which was in these words : " Sec. 2. Every express company, or railroad company, who shall do business in the city of Mobile, and whose business extends beyond the limits of the State, shall pay an annual license of five hundred dollars, which shall be deemed a first-grade license ; if within the limits of the State, one hundred dollars, and shall be deemed a second-grade license ; and if within the limits of the city of Mobile, fifty dollars, which shall be deemed a third-grade license." The bill alleged that this ordinance, in its application to the complainant, was unconstitutional and void ; that it was violative of the 5th and 6th paragraphs of the 9th section of the 1st article of the Constitution of the United States, and of the 2d paragraph of the 10th section, and of the 1st, 3d, and 18th paragraphs of the 8th section of the same article ; and that a case involving the constitutionality of this ordinance was then pending between the complainant and defendants, before the Supreme Court of the United States, on appeal from the Supreme Court of Alabama. The defendants filed an answer, in which they incorporated a demurrer for want of equity.

The facts of the case were agreed on as follows : " It is agreed and admitted that the complainant's chief place of business is at Augusta, Georgia, as alleged in the bill ; and that in the pursuit of its legitimate business it transports, as a part of its business, freights and articles of commerce between different States of the United States ; and that its transportation of goods imported from foreign countries, as well as those exported to them, includes the transportation and freights of and on such articles, in the original packages imported, as may be offered for transportation, whether between points in the State, or points beyond it ; and that, as such carrier, it is from time to time employed by officers of the United States government, in transporting the funds of the government, as set forth in the bill. It is admitted, also, that the complainant has paid the state and county taxes, as alleged in the bill ; and that the

[Turner's Administrator *v.* Patton.]

case spoken of in the answer is on appeal to the Supreme Court of the United States, from a decision of the Supreme Court of Alabama, in favor of the city."

The chancellor dissolved the injunction (which had been granted by the judge of the City Court of Mobile), and dismissed the bill; and his decree is now assigned as error.

J. LITTLE SMITH, for the appellant.

R. & O. J. SEMMES, *contra.*

PETERS, C. J. — This case presents, in effect, the same point that was determined by the judgment of this court in *Osborne* v. *Mayor, Aldermen, &c., of Mobile,* 44 Ala. 493. It is presented in a different form, but the question of law is the same. Here it is presented by bill in chancery. The purpose of the bill is to enjoin the corporation, consisting of the mayor, aldermen, and common council of the city of Mobile, from enforcing its ordinance which requires the payment of an annual license of $500 by " every express company, or railroad company, who shall do business in the city of Mobile, and whose business extends beyond the limits of the State." The bill sets up the objection, that this ordinance is void because it conflicts with the Constitution of the United States. If this were so, the tax levied under its authority would be void also. Where the authority under which a tax is levied is utterly void, in a proper case, the powers of a court of equity will intervene to enjoin its collection. *Tallassee Manufacturing Company* v. *Spigener,* at the last term, and cases there cited. Here, the whole equity of the bill is denied in the answer, and the authority under which the tax was sought to be collected was not void. Its validity was affirmed by this court in the case first above cited of *Osborne* v. *Mayor, &c., of Mobile,* 44 Ala. 493. From this decision we feel unwilling to depart. In this view of the case, the judgment of the court below is correct. It is therefore affirmed, with costs.