## WADE HAMILTON *v.* THE STATE.

1. MUNICIPAL ORDINANCE. — A state law and a municipal ordinance upon the same subject may concurrently operate, if consistent with each other and in harmony with the Constitution.

2. SAME — FORMER CONVICTION. — An act which is violative both of a state law and a police regulation of a town or a city is punishable under either or both, and a conviction under the one is no bar to a prosecution under the other.

3. SAME — CASE STATED. — To an information in a County Court, charging him with an aggravated assault, the accused pleaded that for the same breach of the peace a Mayor's Court had already tried him for an affray, and had adjudged him to pay a fine to the city wherein the offense was committed. *Held*, that the plea presented no defense to the information, and was properly overruled on exceptions. See the opinion *in extenso*.

APPEAL from the County Court of Walker. Tried below before the Hon. G. W. GRANT, County Judge.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J. The appellant was charged by information in the County Court with an aggravated assault, alleged to have been committed in a public place, where persons were assembled for the purpose of innocent amusement, in the town of Huntsville, county of Walker, on September 13, 1877.

To the charge the accused interposed a plea of former conviction of an affray, before the mayor of Huntsville, and the imposition of a fine of $5 and costs in favor of the city of Huntsville, which he claims to have paid, and which he alleges to be the same offense charged in the information. To this plea the county attorney excepted on the ground that the mayor had no jurisdiction to try and determine the case set out in the information. The exception of the

county attorney to the plea of former conviction was sustained by the court, when the accused was tried under a plea of not guilty, and was convicted of a simple assault and fined $10.

A motion for a new trial was overruled, and an appeal taken upon the following assignment of errors:

" 1. The court erred in sustaining the exceptions of the county attorney to the defendant's plea of former convic-' tion.

" 2. The judgment is contrary to law.

" 3. The court erred in overruling defendant's motion for a new trial."

We might content ourselves — this case being one of misdemeanor only — by noting the fact that the record discloses no bill of exception taken in the County Court to any ruling made during the progress of the trial; but, inasmuch as the ruling of the court on the exception to the plea is made a ground in the motion for a new trial, and is assigned as error, and especially as the appellant is not represented in this court by counsel, but more especially as questions of a similar character are likely to arise in practice, we have concluded to indicate the views entertained on the question thus raised.

The Constitution provides that " no person, for the same offense, shall be twice put in jeopardy of life or liberty; nor shall a person be again put upon trial for the same offense after a verdict of not guilty in a court of competent jurisdiction.    The right of trial by jury shall remain inviolate."    Bill of Rights, sec. 14, and first clause of sec. 15.    " In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury."    *Ibid.*, sec. 10. " No person shall be held to answer for a criminal offense, unless on indictment of a grand jury, except in cases in which the punishment is by fine, or imprisonment otherwise than in the penitentiary, in cases of impeachment, and in

cases arising in the army or navy, or in the militia when in actual service in time of war or public danger.'' *Ibid.*, sec. 10.

These constitutional provisions bear, to a greater or less extent, upon the subject under consideration. Besides these, the Code directs that all felonies shall be presented by indictment only, except in cases specially provided for ; and that all misdemeanors may be presented by either information or indictment. All offenses known to the penal law of this state must be prosecuted either by indictment or information. This provision does not include fines and penalties for contempt of court, nor special cases in which inferior courts exercise jurisdiction. Code Cr. Proc., arts. 390–392 (Pasc. Dig., arts. 2859–2861).

Jurisdiction, in all cases of misdemeanor, is given by the Constitution to the County Court, to Justices' Courts, and to Criminal District Courts. Const., art. 5, sec. 16.

Whilst these constitutional and statutory provisions, it is believed, show clearly that Mayors' Courts have no authority or jurisdiction to try the offenses of affrays and aggravated assaults, as these offenses are defined in the Penal Code, articles 381 and 488 (Pasc. Dig., arts. 2011, 2150), and can only be prosecuted by information or by indictment of a grand jury, yet it is not perceived that they interfere with or prevent Mayors' or Recorders' Courts, when legally organized, from enforcing ordinances for enforcing proper police authority.

'' Proceedings for the violation of municipal ordinances are frequently summary in their character ; and it has been a question how far statutes or charters authorizing such proceedings are valid, especially where no provision is made for trial by jury. This must depend upon the Constitution of the state, and the extent the power of the Legislature is therein restricted. Offenses against ordinances properly made in virtue of the implied or incidental power of the corporation,

or the exercise of its legitimate police authority for the preservation of the peace, good order, safety, and health of the place, and which relates to minor acts and matters not embraced in the public criminal statutes of the state, are not usually or properly regarded as *criminal*, and hence need not necessarily be prosecuted by indictment or tried by jury." 1 Dill. on Mun. Corp., 2d ed., sec. 361, and authorities there cited, where Mr. Sedgwick is quoted as saying : " Extensive and summary police powers are constantly exercised in all the states of the Union, for the repression of breaches of the peace and petty offenses ; and these statutes are not supposed to conflict with the constitutional provisions securing to the citizen a trial by jury." Stat. & Const. Law, 548.

Says Mr. Cooley : " Municipal by-laws must also be in harmony with the general laws of the state and with the provisions of the municipal charter.   Whenever they come in conflict with either, the by-law must give way.   A charter, however, may expressly or by necessary implication exclude the general laws of the state on any particular subject, and allow the corporation to pass local laws, at discretion, which may differ from the rule in force elsewhere.   But in these cases the control of the state is not excluded if the Legislature afterward see fit to exercise it ; nor will conferring a power upon a corporation to pass by-laws and impose penalties for the regulation of any specified subject necessarily supersede the state law on the same subject, but the state law and the by-law may both stand together if not inconsistent.   Indeed, the same act may constitute an offense against both the state and municipal corporation, and may be punished under both without violation of any constitutional principle."   Cooley's Const. Lim., 3d ed., top p. 198. Such, it is said, is the clear weight of authority, though the decisions are not uniform.   *Ibid.*, note 4 ; *Rogers* v. *Jones*, 1 Wend. 216 ; *City of St. Louis* v. *Caffarata*, 24 Mo. 97.

In treating the subject under consideration, in the case of *Mayor and Aldermen* v. *Allaire*, 14 Ala. 400, Collier, C. J., uses the following language:

" The object of the power conferred by the charter, and the purpose of the ordinance itself, was, not to punish for an offense against the criminal justice of the country, but to provide a mere *police regulation* for the enforcement of good order and quiet within the limits of the corporation. So far as an offense has been committed against the public peace and morals, the corporate authorities have no power to inflict punishment, and we are not informed that they have attempted to arrogate it. It is altogether immaterial whether the state tribunal has interfered, and exercised its powers in bringing the defendant before it to answer for the assault and battery, for whether he has been punished or acquitted is alike unimportant.

" The offenses against the corporation and the state, we have seen, are distinguishable and wholly disconnected, and the prosecution at the suit of each proceeds upon a different hypothesis; the one contemplates the observance of the peace and good order of the city; the other has a more enlarged object in view — the maintenance of the peace and dignity of the state " (citing 6 Ala. 653, 699 ; 1 Wend. 237, and several other cases).

From the foregoing authorities we are of opinion, first, that a state law and an ordinance of a town or city corporation, not inconsistent with each other and in harmony with the Constitution, may stand together; second, that an offense committed, which would offend against the proper police regulations of a municipal corporation, and at the same time offend against the penal laws, could legally be prosecuted under either, and that a prosecution under one would be no bar to a legal prosecution under the other.

Hence, the prosecution in the present case, if for a violation of a city ordinance, as the plea indicates — the judgment

being in favor of the city — was no bar to the prosecution for a violation of the criminal laws of the state, prosecuted by information in the County Court; and the court did not err in sustaining an exception to the plea.

There is no other error complained of, which the appellant is in condition to avail himself of. The judgment is affirmed.

*Affirmed.*