33 647
47 328

## No. 7992.

### CITY OF NEW ORLEANS VS. ECLIPSE TOW–BOAT COMPANY.

The Ordinance of the City of New Orleans, imposing a license tax upon the owners of towboats running on the Mississippi river to and from the Gulf of Mexico, does not impose a duty upon tonnage; nor is it a regulation of commerce. Such Ordinance is not, therefore, in conflict with the provisions of the Constitution of the United States on these points. The authorities on the subject are reviewed at length in the Decision.

Nor is the same Ordinance obnoxious to the restrictions of the State Constitution of 1879. Decision in City vs. Vergnole, 33 An. 35, reaffirmed.

APPEAL from the Third District Court for the parish of Orleans. Monroe, J.

S. P. Blanc, Assistant City Attorney, for Plaintiff and Appellee.

T. Gilmore & Sons for Defendant and Appellant:

First—An ordinance of the City Council, levying a license tax upon vessels enrolled and licensed under laws of Congress, is in conflict with the Constitution of the United States and void.

Second—A license tax upon tow-boats is unconstitutional under Art. 118 of the Constitution of 1868, because not uniform upon all vessels.

Third—An ordinance of the City Council, inconsistent with the provisions of the Constitution of 1879, cannot be enforced.

The opinion of the Court was delivered by

TODD, J.   The City of New Orleans sues defendant for the amount of a license tax ($500), with interest and costs, for the year 1880, imposed by ordinance of the City Council, of the 23d of December, 1879, upon " every member of a firm or company, every agency, person or corporation, owning and running tow-boats to and from the Gulf of Mexico." The defendant company is the owner of tow-boats, which are enrolled and licensed for the coasting trade, pursuant to acts of Congress, and employed in towing vessels between the City of New Orleans and the Gulf.   The grounds of defense are:

1st.   That the license tax in question is a duty upon tonnage and a regulation of commerce, and that the ordinance imposing it is, therefore, in violation of Art. 1, Sec. 8, Par. 3, of the Constitution of the United States, which provides that Congress shall have power " to regulate commerce with foreign nations and among the several States, and with the Indian Tribes," and also Sec. 10, Par. 3 of the same article, which declares that no State " shall without the consent of Congress lay any duty on tonnage."

2d.   That it is violative of the State Constitution, because the tax is not equal and uniform, nor imposed in accordance with the limitations therein prescribed.

From a judgment in favor of the City the defendant has appealed.

The right of a man to the use of his property, or to pursue any legitimate calling or occupation, may be regarded as an inherent right, not derived from any positive legislation.   The protection afforded by a government to the enjoyment of the right, imposes the obligation on the citizen to contribute to the support of such government, and authorizes the imposition of taxes, as the equivalent for the protection thus afforded. The objects of taxation under our present and former constitutions have been property, income and occupations.   The tax upon occupations is termed a license tax, to distinguish it from the tax on property.

This power to tax for the support of the government is one of the chief attributes of sovereignty; and this power, on the part of a State, extends over all objects embraced within its sovereignty, subject only to such limitations as the State may prescribe for itself, or to the inhibitions of the Federal Constitution.

Nathan vs. Louisiana, 8 Howard, 73; McCulloch vs. Maryland, 4 Wheat. 429; Brown vs. Same, 12 Wheat. 419; Transportation Co. vs. Wheeling, 9 Otto, 273.

This being an acknowledged right of a State, any restriction of it by the only supreme authority to which it is subject, the Constitution of the United States, must be shown by the express language of that instrument, or result from the clearest implication.

There seems no necessary connection between this power of taxation in a State, and the language of the Federal Constitution invoked as a limitation on that power; and we have high authority for holding that the framers of that instrument did not construe the clause referred to as bearing upon the subject of this power. We read in the Federalist, which is regarded by the highest judicial tribunals as important authority on the subject of constitutional construction, and the production of Mr. Hamilton, who was disposed to construe liberally the powers of the general government, as follows:

" That the States would possess an independent and uncontrollable authority to raise their own revenue for the supply of their own wants; *and with the single exception of duties on imports and exports,* would, under the plan of the constitution, *retain that authority in the most absolute and unqualified sense.* And that an attempt on the part of the general government to abridge them in the exercise of it, would be a violent assumption of power, *unwarranted by any article or clause in the constitution."* Federalist, No. 32.

And, in the Passenger cases, 7 Howard, 283, the Supreme Court of the United States, through its organ, Chief Justice Taney, held:

" That though a ship when engaged in the transportation of passengers, is a vehicle of commerce, and within the power of regulation granted to Congress, yet it has always been held that the power to regulate commerce, as conferred, does not give to Congress the power to tax the ship, *nor prohibit the State from taxing it as the property of the owner, when he resides within their own* jurisdiction. That the authority of Congress to tax ships is derived from the express grant of power in the eighth section of the first article, to tax and collect taxes, duties, imports and excises; *and that the inability of the States to tax the ship, as an instrument of commerce,* arises from the express prohibition contained in the tenth section of the same article."

The tenth section referred to, being that clause which prohibits the States from laying any imposts or duties on imports or exports except what may be necessary for executing its inspection laws.

In the case of Transportation Co. vs. Wheeling, 9 Otto, 273, Mr. Justice Clifford, as the organ of the Court, after referring to the extract from the Federalist quoted above, and speaking of the Federalist as ever having been regarded as entitled to weight in any discussion, as to the true intent and meaning of the provisions of the fundamental law, proceeds as follows:

. " From which it follows, if the writer of that publication is correct, that the power granted to regulate commerce did not prohibit the States from laying import duties upon merchandise imported from foreign countries; that the commercial clause (i. e. the clause invoked against

the license in this case) *does not apply to the right of taxation in either sovereignty, the taxing power being a distinct and separate power from the power to regulate commerce;* and *that the right of taxation in the States remains over* every subject where it before existed, with the exception only of those expressly or impliedly prohibited." These he mentions as the only prohibitions, those denying to a State to levy duties on imports or exports, except such as are absolutely necessary for executing its inspection laws and to levy any duty on tonnage without the consent of Congress.

In harmony with these decisions, it has been held that steamboats, ships, ferry-boats, etc., are liable to taxation, as property, at their home ports. 2 Cal. 590; 39 Mo. 460; 3 Ind. 481; 9 Ala. 234; 48 Barb. 157; 16 Wall. 472; 17 How. 596.

" A State tax which remotely affects the efficient exercise of a Federal power, is not for that reason alone prohibited." Railroad Company vs. Peniston, 18 Wall. 5. ·

" A State may impose a tax upon the capital of a corporation created by it, although the corporation is created for the purpose of towing vessels and carrying freight and passengers." Such is the express language of the Supreme Court of this State in the case of the Union Tow-Boat Company vs. Bordelon, 7 An. 192. And, in the course of his opinion, Mr. Justice Preston, as the organ of the Court, well remarked:

" It is said that the tax is a regulation of commerce and conflicts with the power of Congress to regulate commerce with foreign nations, and among the several States. * * * We cannot conceive that a question can arise under the article of the Constitution of the United States quoted. All taxation upon property within one State may remotely affect its commerce with a sister State. Thus, a tax upon stores may increase the price of merchandise brought here by merchants from abroad; a tax upon warehouses, the price of storage of produce from the Western States, and a tax upon our markets may enhance the price or perhaps curtail the quantity of supplies brought to them. Yet these taxes have never been questioned."

See, also, 11 Mich. 43; 8 Ohio, 521; 48 Barb. 157.

And, as more closely analogous to the case at bar, it has been held "that a State law requiring every express company or railroad company having a business extending beyond the limits of a State to take out a license is valid, for it is a tax on the business of making contracts within the State for transportation beyond it."

Osborne vs. Mobile, 16 Wall. 479; 15 Wall. 293; 49 Ala. 404; Delaware Railroad Tax, 18 Wall. 208.

Upon a question of so much importance, and one which has so largely occupied the attention of courts distinguished for their learning

and ability, and been so extensively discussed, we prefer, simply, to cite the authorities which must command respect rather than to elaborate our own views. It suffices that we state our conclusion on this point from a mature consideration of them, and which is, that there is nothing in the clause of the Federal Constitution referred to giving Congress the power to regulate commerce with foreign nations or between the States, that is infringed by the ordinance in question, imposing the license assailed; and it would only be by a strained and narrow construction that any conflict or even any direct relation between the two could be discovered.

II. Nor can the license be properly regarded as a duty on tonnage, which is made the second ground of attack. We have shown by the authority cited that a State can levy a tax directly on a ship as property, although it may be engaged in commerce. This seems to us to be more like a direct duty on tonnage than the mere imposition of a license on a company using such vessels in their business. Besides, the very meaning of the term of itself shows that this prohibition has no direct bearing or pertinency to the question at issue.

Cooley says: "Duties on tonnage the States are forbidden to levy; the meaning of the prohibition seems to be that vessels must not be taxed as vehicles of commerce, according to capacity, it being admitted that they may be taxed like other property." Cooley, Const. Lim. (4th ed.) 606.

III. It is urged also that the license and enrollment of the vessels belonging to this company under the Federal laws deprives any inferior authority of the power to exact a license for the use of such vessel in their business.

The authorities do not sustain this position, but on the contrary, are in direct opposition to it.

Burroughs on Taxation, 149, 155; 16 Grat. 139; 18 How. 71; 16 B. Mon. 699; 1 Black. 603; 5 Wall. 475.

IV. In regard to the alleged conflict between this ordinance and the State constitution, it suffices to say that this question was before us in the case of Vergnole vs. City of New Orleans, 33 An. 35, which was a suit to enforce the payment of a license imposed by the City Council at the same time, and where the same ground of nullity was set up; and in that case we held for the reasons therein assigned that there was no provision of the State Constitution that rendered the license or the ordinance imposing it void. We adhere to that ruling.

This disposes of all the issues presented by the pleadings in the case, and finding no error in the judgment appealed from, the same is affirmed with costs.

Rehearing refused.